Timothy Elder (Cal. Bar No. 277152)
Kristopher A. Nelson (Cal. Bar No. 342552)
**TRE LEGAL PRACTICE**
1155 Market Street, Tenth Floor
San Francisco, CA 94103
(415) 873-9199
(415) 952-9898 fax
telder@trelegal.com, knelson@trelegal.com

*Attorneys for Plaintiff*
Jaclyne Atoigue

DAVID CHIU, State Bar #189542
City Attorney
CECILIA T. MANGOBA, State Bar #169007
Interim Chief Labor Attorney
ANGELA M. WANSLOW, State Bar #362435
ROBERT ROGOYSKI, State Bar #302472
Deputy City Attorneys
Fox Plaza
1390 Market Street, Floor Five
San Francisco, California 94102-5408
Telephone: (415) 554-4261
E-Mail: angela.wanslow@sfcityatty.org
E-Mail: robert.rogoyski@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JACLYNE ATOIGUE,**<br>　　　　Plaintiff,<br>　　v.<br>**CITY AND COUNTY OF SAN FRANCISCO,**<br>　　　　Defendant. | Case No. 3:25-cv-07547-AGT<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date Action Filed: September 5, 2025<br>Trial Date: None Yet |

# JOINT CASE MANAGEMENT STATEMENT

The Parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9 (numbering below conforms to that of the Standing Order).

## I. JURISDICTION AND SERVICE

This action asserts federal and state disability/discrimination claims. Plaintiff has asserted claims under federal disability statutes and parallel state laws; the Court has federal-question jurisdiction over the federal claims and supplemental jurisdiction over related state-law claims. The case is pending in the Northern District of California as Case No. 3:25-cv-07547-AGT. The Clerk's Office rescheduled the Initial Case Management Conference to December 19, 2025 at 2:00 PM before Magistrate Judge Alex G. Tse (Zoom).

All named parties have been served. Both parties have consented to magistrate judge jurisdiction.

## II. FACTS

**Plaintiff's Position**

Plaintiff Jaclyne Atoigue is blind. She alleges that she sought employment in child-protective services (CPS) with the City and County of San Francisco. Defendant insists that such positions require an applicant to possess a driver's license. Hiring staff have rejected or otherwise failed to move forward with her applications because she did not have a driver's license. Defendant did not participate in any interactive process with Ms. Atoigue to find reasonable accommodations. As a result of this policy and practice, blind individuals like Ms. Atoigue are effectively excluded from applying for a broad number of positions within the CPS social worker job classification.

**Defendant's Position**

The City denies Plaintiff's allegations. Plaintiff applied for multiple social worker positions within the City during 2025, including certain positions that require a driver's license as a Special Condition of employment. The City has legitimate and non-discriminatory reasons for maintaining this Special Condition and Plaintiff's inability to maintain a driver's license renders her

unable to perform the essential functions of these jobs with or without a reasonable accommodation.

### III. LEGAL ISSUES

**Plaintiff's Position**

At this stage of proceedings, the principal legal issue identified by Plaintiff is whether enforcing a driver's license requirement on disabled applicants for Defendant's CPS positions violates federal and state disability law. Related issues are whether or not possession of a driver's license is an essential requirement for a CPS position and whether Defendant's refusal to engage in the interactive process was legally supportable.

**Defendant's Position**

Defendant has identified the following legal issues at this stage of the litigation:

Whether Plaintiff has alleged facts sufficient to support her causes of action under Title I of the ADA and the California Fair Employment and Housing Act ("FEHA");

Whether maintaining a valid driver's license is required to perform an essential function of the positions for which Plaintiff applied;

Whether Plaintiff was qualified to perform the essential functions of the positions for which she applied with or without reasonable accommodation;

Whether the City engaged in a timely, good-faith interactive process with Plaintiff to determine whether reasonable accommodations could be made;

Whether Plaintiff can establish a prima facie case with respect to each and every claim in the Complaint;

Whether Plaintiff can establish that the City's explanations for the alleged conduct are not legitimate or are pretextual;

What damages, if any, Plaintiff has suffered as a result of the City's alleged action or omissions; and

Whether Plaintiff has mitigated damages.

## IV. MOTIONS

To date no dispositive motions have been filed in this matter. The parties anticipate that after substantial completion of fact and expert discovery, either side may seek summary judgment or other dispositive relief on liability and/or damages. The parties will meet and confer about any threshold motions and will propose a schedule for dispositive motions as appropriate.

## V. AMENDMENT OF PLEADINGS

Plaintiff does not currently anticipate amending the Complaint before the Case Management Conference. If amendment becomes necessary, the parties will meet and confer and will propose appropriate deadlines.

## VI. EVIDENCE PRESERVATION

The parties have met and conferred regarding potentially relevant evidence and discovery. The parties agree to preserve evidence as required by Fed. R. Civ. P. 26(f). The parties agree to continue meet-and-confer discussions to identify custodians, date ranges, and reasonable search and production protocols as necessary for proper ESI production.

## VII. DISCLOSURES

Plaintiff served her initial disclosures on December 5, 2025. The Plaintiff's disclosures list the persons and documents expected to support Plaintiff's claims.

Defendant timely served initial disclosures pursuant to FRCP 26(a)(1) on December 4, 2025.

## VIII. DISCOVERY

The parties intend to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules. The parties have agreed to meet and confer in good faith concerning discovery disputes prior to seeking Court intervention.

The parties have agreed on a reasonable approach to productions of ESI and to meet and confer if problems arise related to such productions.

The parties have agreed to a protective order based on the Northern District's model version.

**Plaintiff's Position**

Plaintiff anticipates discovery will include written discovery, depositions of relevant City officials and employees (including SFHSA hiring managers), depositions of UC Berkeley internship

supervisors and other witnesses identified in Plaintiff's initial disclosures, 30(b)(6) testimony on City hiring policies and practices, and targeted third-party discovery where necessary. Plaintiff also anticipates seeking documents related to hiring policies, communications regarding Plaintiff's applications and internship placement, and communications about accommodation requests.

**Defendant's Position**

Defendant anticipates serving written discovery requests and noticing Plaintiff for deposition. Defendant also intends to depose any non-City witnesses identified in Plaintiff's disclosures or discovery responses. To the extent Plaintiff claims emotional distress damages, Defendant will subpoena relevant medical records and depose Plaintiff's medical providers.

## IX. CLASS ACTIONS

Not applicable.

## X. RELATED CASES

To the parties' knowledge, there are no related cases pending in this district or elsewhere.

## XI. RELIEF

**Plaintiff's Position**

Plaintiff seeks injunctive and declaratory relief to remedy any discriminatory hiring practices (including modification of policies and training), compensatory monetary damages, and an award of reasonable attorneys' fees and costs.

**Defendant's Position**

Defendant seeks judgment in favor of the City, dismissal of Plaintiff's complaint in full, and an award of costs.

## XII. SETTLEMENT AND ADR

Having discussed ADR options, the parties completed the ADR Certification (signed November 21, 2025). The parties are open to ADR and expect to discuss specific ADR options with the Court during the Initial Case Management Conference.

## XIII. OTHER REFERENCES & MAGISTRATE JUDGE JURISDICTION

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

The parties have both consented to magistrate judge jurisdiction.

## XIV. NARROWING OF ISSUES

**Plaintiff's Position**

Although Defendant denied this element in its Answer and has not yet agreed pending further information, Plaintiff believes that the parties can reach a stipulated agreement that Ms. Atoigue is blind and thus disabled for purposes of state and federal disability statutes. Plaintiff will seek additional narrowing of issues going forward.

**Defendant's Position**

Defendant anticipates the parties can reach a stipulated agreement as to the nature and existence of Plaintiff's disability as defined by the state and federal law, as well as the dates and positions for which Plaintiff applied with the City.

## XV. SCHEDULING

The Parties propose the following discovery and trial schedule:

| | |
|---|---|
| Initial Disclosures | 12/5/2025 |
| Non-Expert Discovery Cut-Off | 10/8/2026 |
| Last Day to Hear Dispositive Motions | 12/4/2026 |
| Expert Witness Disclosures | 11/8/2026 |
| Expert Rebuttal Disclosures | 12/8/2026 |
| Expert Discovery Cut-Off | 2/6/2027 |
| Pre-Trial Conference | 3/5/2027 |
| Trial | 4/5/2027 |

## XVI. TRIAL

The parties seek a trial by jury. Plaintiff expects the trial to last 4-5 days but note that information gained in discovery may alter that estimate.

## XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

None known at this time.

## XVIII. PROFESSIONAL CONDUCT

Counsel for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XIX. OTHER

The parties are not aware of any additional matters the Court needs to consider at this time.

DATED: December 12, 2025                Respectfully submitted,

**TRE LEGAL PRACTICE**

*/s/ Kristopher A Nelson*
Kristopher A. Nelson

*Attorneys for Plaintiff*

DATED: December 12, 2025                Respectfully submitted,
                                        DAVID CHIU
                                        City Attorney
                                        CECILIA T. MANGOBA
                                        Interim Chief Labor Attorney
                                        ANGELA M. WANSLOW
                                        ROBERT ROGOYSKI,
                                        Deputy City Attorneys

*/s/ Angela M. Wanslow*
Angela M. Wanslow

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO